ALLISON A. KRAY, ESQ. (SBN 312544)
allison.kray@fedex.com
**FEDERAL EXPRESS CORPORATION**
2601 Main Street, Suite 1100
Irvine, CA 92614
Telephone: (949) 862-4615
Facsimile: (901) 492-5641

Attorney for Defendant
FEDERAL EXPRESS CORPORATION,
erroneously sued as FedEx Express
Corporation

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR SANCHEZ,<br><br>                    Plaintiff,<br><br>vs.<br><br>FedEx Express Corporation, a business entity form unknown and DOES 1-50,<br><br>                    Defendants. | **Case No.**<br><br>**DEFENDANT FEDERAL EXPRESS CORPORATION'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER ARTICLE III OF THE U.S. CONSTITUTION AND 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>**[DIVERSITY JURISDICTION]**<br><br>Complaint Filed: March 14, 2025<br>Trial Date:        Not Set |

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

2081994 (323103)

1

PETITION AND NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF EDGAR SANCHEZ, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant FEDERAL EXPRESS CORPORATION, erroneously sued as FedEx Express Corporation (hereinafter "Defendant" or "FedEx"), hereby removes the above captioned action from the Superior Court in the State of California County of Contra Costa to the United States District Court for the Northern District of California.

This removal is based on diversity jurisdiction. As is set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice. As required by 28 U.S.C. § 1446(d), Defendant is filing in the Superior Court of the State of California, County of Contra Costa and serving upon Plaintiff Edgar Sanchez and his counsel of record, a Notice to State Court and Adverse Party of Removal of Civil Action to Federal Court with these removal papers.

In support of this Notice of Removal, Defendant states the following:

## I. STATE COURT PROCEEDINGS

1. On March 14, 2025, Plaintiff Edgar Sanchez ("Plaintiff") filed his Complaint in this case in the Superior Court of California for the County of Contra Costa, entitled *Edgar Sanchez v. FedEx Express Corporation, a business entity form unknown; and DOES 1 through 50*, and assigned Case No. C25-00740 ("Complaint"). (Declaration of Allison A. Kray ("Kray Decl.") at ¶ 3, Ex. 1). On or around July 21, 2025, Plaintiff filed and served a Doe Amendment naming Federal Express Corporation as a defendant. (Kray Decl. at ¶ 4, Ex. 2). Plaintiff served the Summons, Complaint, Amendment, and supporting documents to the Complaint on Defendant FedEx Corporation on September 12, 2025. (*See id*., Ex. 3).

2. The Complaint alleges the following causes of action: (1) Employment Discrimination on The Basis of Physical and Mental Disability; Violation of Fair

2081994 (323103)                                    2

PETITION AND NOTICE OF REMOVAL

Employment and Housing Act; (2) Employment Discrimination on The Basis of Age, Violation of Fair Employment and Housing Act; (3) Employment Discrimination on The Basis of Gender, Violation of Fair Employment and Housing Act; (4) Gender Harassment, Violation of Fair Employment and Housing Act; (5) Employment Discrimination on The Basis of Race and National Origin, Violation of Fair Employment and Housing Act; (6) Retaliation, Violation of Fair Employment and Housing Act; (7) Violation of Government Code Section 12940(k); (8) Breach of Implied in Fact Contract; (9) Breach of Employment Contract; (10) Breach of the Implied Covenant of Good Faith and Fair Dealing; (11) Unfair Competition, Violation of Business and Professions Code § 17200; (12) Either Termination or Constructive Discharge in Violation of Public Policy – Plaintiff Required to Violate Public Policy; (13) Constructive Discharge in Violation of Public Policy – Plaintiff Required to Endure Intolerable Conditions for Improper Purpose That Violate Public Policy; (14) Wrongful Termination in Violation of Labor Code, Cal. Labor Code § 6311; (15) Wrongful Termination in Violation of Labor Code, Cal. Labor Code § 6310; and (16) Unlawful Retaliation, Violation of Cal. Labor Code § 1102.5. A true and correct copy of the Complaint is attached as Exhibit 1 to the Declaration of Allison A. Kray at ¶ 3.

3.      Plaintiff alleges he was employed by Defendant from 2015 until 2023. (Compl., ¶ 120).  He alleges he experienced a vehicle fire during a delivery route after reporting vehicle problems the prior day, and he subsequently developed anxiety, stress, and depression and was placed on light duty. (Compl., ¶¶ 137-138). Plaintiff further alleges he suffers from a learning disability and other mental-health conditions that he contends constitute a disability. (*Id*., ¶ 147). He alleges he received inadequate training, was given unreasonable workloads, had his route absorbed while others' routes were not, was denied reasonable accommodations, and was suspended and ultimately terminated when he could not return to full-time work. (*Id*., ¶¶ 134-143). The Complaint seeks, among other relief, back pay and other lost earnings and benefits, compensatory damages for physical and emotional injuries, medical and

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

2081994 (323103)                         3

PETITION AND NOTICE OF REMOVAL

related expenses, exemplary damages, attorney's fees and costs, and other relief as pleaded. (*Id*., Prayer for Relief, p. 59).

4. Defendant filed an Answer to Plaintiff's Complaint in Contra Costa County Superior Court on October 13, 2025. (Kray Decl. at 5, Ex. 4). At the time of filing this Notice of Removal, Defendant did not yet have a conformed copy of the Answer. It will file a conformed copy upon receipt thereof. Pursuant to 28 U.S.C. § 1446(d), Exhibits 1-11 attached to the Kray Declaration in support of this Notice of Removal constitute all process, pleadings, and orders filed in the state court action in this matter. (Kray Decl. at ¶¶ 1-6, Exs. 1-11).

5. As set forth more fully below, based on the allegations of the Complaint and other evidence collected by Defendant, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000. Therefore, this action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a).

## II.    DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

### A.    Timing of Removal is Proper.

6. Pursuant to 28 U.S.C. § 1446(b), "a notice of removal may be filed within thirty days after receipt by the defendant, though service or otherwise of a copy of an amended pleading, motion, order or other paper from which it may be first be ascertained that the case is on which is or has become removable." The 30-day removal period runs when the party seeking to remove receives a "paper from which it may first be ascertained that the case is . . . removable." 28 U.S.C. § 1446(b)(3).

7. As is set forth above, Plaintiff served the Complaint on Defendant on September 12, 2025. (Kray Decl. at ¶ 5, Ex. 3). Therefore, removal is timely, as the action is being removed within the thirtieth day of service and within one year after commencement of this action in accordance with 28 U.S.C. § 1446(b) and Federal Rules of Civil Procedure, Rule 6(a)(1)(C).

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

2081994 (323103)                     4

**B.  Venue is Proper.**

8.  Venue is proper in this Court pursuant to 28 U.S.C. § 1446 because this action was originally filed in Contra Costa Superior Court, located within the Northern District. Venue of this action is also proper pursuant to 28 U.S.C. § 1391, providing that an action may be venued in a judicial district where a substantial part of the events or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(a).

**C.  Procedural Requirements for Removal are Met.**

9.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Defendant are attached as Exhibits 1-11 to the Kray Declaration in support of this Notice of Removal. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, with all removal papers attached, is being served upon counsel for the Plaintiff and a copy is being filed with the Clerk of the Superior Court in Contra Costa County and with the Clerk of the Northern District of California. (Kray Decl. at ¶ 7).

**III.  DEFENDANT HAS SATISIFED THE REQUIREMENTS FOR DIVERSITY JURISDICTION**

10.  This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(a), in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different states. 28 U.S.C. §1332(a)(1).

**A.  There Exists Diversity Between the Parties.**

11.  Citizenship of Defendant Federal Express Corporation. Defendant Federal Express Corporation was incorporated in Delaware with its principal place of business in Memphis, Tennessee. (Declaration of Shahram Eslami ("Eslami Decl.") at ¶ 3).

12.  A corporation's citizenship is determined by its state of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). The Supreme Court has held that a corporation's principal place of business is its "nerve center." *Hertz Corp. v. Friend*,

2081994 (323103)   5

559 U.S. 77, 88 (2010). A corporation's nerve center is its headquarters – "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.*

13.    At the time the action commenced, Defendant Federal Express Corporation was, and continues to be, a citizen of the States of Delaware and Tennessee. Defendant was incorporated in Delaware on June 24, 1971. (Eslami Decl. at ¶ 3). Since 1973, Defendant's headquarters and principal place of business has been located in Memphis, Tennessee. (*Id.*). Currently, Defendant's world headquarters and principal place of business is located at 3610 Hacks Cross Road, Memphis, Tennessee 38125. (*Id.*). The majority of Defendant's high-level officers, including its President and Chief Executive Officer, Chief Financial Officer, General Counsel and Chief Human Resources Officer, work at the Memphis world headquarters. (*Id.*). These high-level officers direct, control, and coordinate the corporation's activities from its Memphis headquarters.

14.    Citizenship of Defendant FedEx Corporation. FedEx Corporation was incorporated in the State of Delaware on October 2, 1997. (Eslami Decl. at ¶ 2). Its headquarters and principal place of business are currently located at 942 South Shady Grove Road, Memphis, Tennessee 38120. (*Id.*). FedEx Corporation is a publicly traded holding company with several wholly owned subsidiaries. (*Id.*). Through its wholly owned subsidiaries, FedEx Corporation conducts business throughout the United States and the world. The majority of FedEx Corporation's high-level officers work at the corporation's Memphis headquarters. (*Id.*). These high-level officers direct, control, and coordinate the corporation's activities from its Memphis headquarters. FedEx Corporation conducts business throughout the United States and the world.

15.    If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp., supra,* 599 U.S. at 92-93 ("[w]e conclude that the phrase 'principal place of

PETITION AND NOTICE OF REMOVAL

business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities."). Both Federal Express Corporation and FedEx Corporation are citizens of Delaware and Tennessee.

16. "Doe" defendants named but not served are not joined in this Notice of Removal. *Savelson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984); *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 272 (7th Cir. 1982).

17. <u>Citizenship of Plaintiff</u>. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

18. Plaintiff was a citizen of the State of California at the time this action was filed. Plaintiff alleges he is an individual residing in the State of California. (Compl., ¶ 1). *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile).

19. Therefore, under 28 U.S.C. § 1332(a), this action is between parties who are citizens of different states: Plaintiff, a citizen of California, and Defendants Federal Express Corporation and FedEx Corporation, both citizens of Delaware and Tennessee.

20. Once the foregoing minimal diversity has been established, removal is proper under 28 U.S.C. § 1332(d). *Serrano v. 180 Connect Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007).

**B.    The Amount In Controversy Exceeds $75,000.**

21.    This Action also meets the amount in controversy requirement for removal based on diversity jurisdiction. 28 U.S.C. Section 1332(a) authorizes the removal of cases in which there is diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

22.    In determining whether the amount in controversy exceeds $75,000.00, the Court must presume Plaintiff will prevail on his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins.* Co., 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes "plaintiff prevails on liability") and *Angus v. Shiley, Inc.,* 989 F.2d 142, 146 (3rd Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated."). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.,* 627 F.3d 395, 401 (9th Cir. 2010). "In that sense, the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (citing *Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413, 417 (9th Cir. 2018) (explaining that the amount in controversy includes all amounts "at stake" in the litigation "whatever the likelihood that [the plaintiff] will actually recover them.").

23.    The amount in controversy may include general and special compensatory damages and attorneys' fees recoverable by statute. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Goldberg v. CPC Int'l, Inc.,* 678 F.2d 1365, 1367, *cert denied,* 459 U.S. 945 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amount). The Court may examine the nature of the action and the relief sought, including attorneys' fees. *See, e.g., Simmons v. PCR Technology,* 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (attorneys' fees in

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

individual employment discrimination cases often exceed damages). The Ninth Circuit has made clear that statutory attorneys' fees are included as a basis for determining the jurisdictional amount in controversy. *See Galt,* 142 F.3d at 1155-56. In determining whether the amount in controversy meets the jurisdictional minimum, attorneys' fees are calculable beyond the time of removal. *Simmons,* 209 F.Supp.2d at 1035.

24.     Without admitting Plaintiff is entitled to recover any damages or penalties whatsoever or that Defendant is liable to Plaintiff in any way, based the allegations in the Complaint and the reasonable assumptions to be drawn from those allegations, the amount in controversy with respect to Plaintiff's individual claims exceeds $75,000, the jurisdictional requirement of this Court.

25.     Plaintiff also alleges he suffered a loss in earnings and other employment benefits. (*See, e.g.,* Compl. ¶¶ 159, 179, 192, 214, 225, 292).

26.     Per the Complaint, Plaintiff is seeking a host of remedies including the following: compensatory damages, emotional distress and medical expenses, punitive damages, attorneys' fees and costs, and other relief as set forth in the Prayer for Relief. (Compl., Prayer for Relief, p. 59).

27.     Where, as here, a complaint filed in state court is unclear as to amount in controversy, a removing party need only show it is "more likely than not" that the amount in controversy exceeds $75,000. *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 699 (9th Cir. 2007) (quoting *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398 (9th Cir. 1996)). When determining whether a civil action exceeds the $75,000 jurisdictional amount in controversy requirement, the Court must presume the plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust, supra,* 199 F.Supp.2d at 1001 (citing *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability.")). General, special, compensatory, and punitive damages, and attorneys' fees that are recoverable by statute may all be included in the jurisdictional amount in controversy calculation. *See, e.g., Galt, supra,* 142 F.3d at 1155, 1156; *Davenport v.*

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

2081994 (323103)                                    9

PETITION AND NOTICE OF REMOVAL

*Mutual Ben. Health & Acc. Ass'n,* 325 F.3d 785-87 (9th Cir. 1963).

28.    Although the Complaint does not explicitly specify the amount in controversy sought by Plaintiff, "it is more likely than not" that the amount in controversy exceeds $75,000.

29.    <u>Compensatory damages</u>: Plaintiff alleges that he has suffered and continues to sustain substantial losses in earnings and other employment benefits as a result of Defendant's conduct. (Compl., ¶¶ 159, 179, 192, 214, 225, 292). Accordingly, the Complaint seeks compensatory damages for lost wages and emotional injuries (Compl., Prayer for Relief, p. 59). Defendant FedEx terminated Plaintiff effective January 26, 2024. (Declaration of Selena Smith ("Smith Decl.") at ¶ 5, Ex. 12 Workday Profile, pg. 1.) As of the date of his termination, Plaintiff earned $29.31 per hour and was employed on a full-time basis, or 40 hours per week. (Smith Decl. at ¶ 5, Ex. 12 Workday Profile, pg. 1 and 2.) Forty hours per week at $29.31 per hour equates to $1,172.40 in earnings per week, not counting overtime. Although Defendant denies Plaintiff is entitled to recover any such damages, assuming *arguendo*, Plaintiff were to recover back wages from the time he last worked (January 26, 2024) until the present, this 90-week period between termination of plaintiff's employment and the removal of this action to federal court would equal $105,516 in alleged lost wages. Moreover, if the case proceeds to trial in October 2026, one year from this removal, and Plaintiff remains unemployed, he will be seeking a total of 140-weeks of lost wages, which is approximately $164,136, plus the additional "other compensation" he seeks.[1] Accordingly, by the time of trial of this matter, Plaintiff's wage loss alone will exceed $75,000, especially if employer benefits contributions, and overtime are taken into account. *See Melendez v. HMS Host Family Rests., Inc.,* 2011 WL 3760058, at *3 (C.D. Cal. Aug. 25, 2011) (the Court may also include other

---

[1] Courts have found that one year from the date of removal is a "conservative estimate of the trial date" in employment cases. *Fisher v. HNTB Corp.*, 2018 U.S. Dist. LEXIS 205323, at *13 (C.D.Cal. Dec. 3, 2018); *Beltran v. Procare Pharm., LLC*, 2020 U.S. Dist. LEXIS 26098, at *7 (C.D.Cal. Feb. 14, 2020) (finding a one-year prospective trial date appropriate).

2081994 (323103)                                        10

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

benefits in the lost wages analysis).

30.    <u>Emotional Distress and Medical Expenses:</u> Plaintiff's claims for emotional distress are likewise properly considered in determining the amount in controversy. In fact, in cases such as the instant action, the amount of controversy may be satisfied by the pleading of several different types of damages in the complaint, even though the exact dollar amount of each damages is not estimated by the removing party. *See Simmons, supra,* 209 F.Supp.2d at 1031-35 (finding that the plaintiff's alleged lost income of $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional distress damages, punitive damages, and attorneys' fees anticipated to incur through trial, satisfy the amount in controversy required to establish diversity jurisdiction); *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of compensatory and punitive damages" including loss of pay, impaired earning capacity, emotional distress, etc. combined with a claim for attorneys' fees and punitive damages, was sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction). Here, Plaintiff repeatedly alleges that he has suffered embarrassment, humiliation, and severe mental and emotional distress and seeks recovery for those harms. (Compl., ¶¶ 160, 178, 191, 198, 213, 232, 251, 265, 275, 284, 291, 305; Compl., Prayer for Relief, p. 59). Further, the Complaint also alleges medical diagnosis and treatment following the workplace injury and seeks damages for related medical expenses. (Compl., ¶¶ 147-153, 160; Compl., Prayer for Relief, p. 59).

31.    California employment discrimination cases are illustrative that emotional distress damages alone in employment related claims may greatly exceed the minimum statutory amount in controversy. For example, a jury in Sacramento County awarded a plaintiff $400,000 for his past pain and suffering, on causes of action for retaliation, failure to prevent retaliation, failure to provide reasonable accommodation and failure to engage in the interactive process. *Weyhe v. Wal-Mart*

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

PETITION AND NOTICE OF REMOVAL

*Stores, Inc.*, 2010 WL 3411462 (July 1, 2010). Similarly, in *Hernandez v. Regents of the University of California*, 2009 WL 6045700 (2009), a jury in Alameda County issued a $266,347 award for pain and suffering to a plaintiff-employee who determined that the plaintiff's employer wrongfully terminated her in retaliation for demanding reasonable accommodations. In *Huron Mayo v. The Community Development Commission*, Case No. BC486184 (2014), a Los Angeles County jury awarded the plaintiff, who alleged disability and religious discrimination, retaliation and violation of the CFRA, $1,095,000 in emotional distress damages. Finally, in *Estelle v. Los Angeles County Metropolitan Transportation Authority*, Case No. BC526217 (2015), another Los Angeles County jury awarded the plaintiff, who alleged disability discrimination, failure to accommodate, wrongful termination and retaliation, $625,000 in emotional distress damages. Indeed, an award of damages for emotional distress alone can reasonably be anticipated to be in excess of the jurisdictional minimum. *Simmons, supra*, 209 F. Supp. 2d at 1034 (citing case in which an award for pain and suffering in an employment discrimination case totaled $3.5 million and recognizing that "emotional distress damages in a successful employment discrimination case may be substantial"). Thus, the amount of controversy, when considering the potential amount of all damages sought by Plaintiff, including emotional distress damages, exceeds $75,000.

32.   Civil Penalty: Plaintiff alleges retaliation in violation of Labor Code § 1102.5. (Compl., ¶¶ 294-306). This section provides for a $10,000 penalty per violation. Cal. Lab. Code § 1102.5(b). Without conceding that Plaintiff is anyway entitled to recovery of this penalty, Plaintiff's request for statutory penalties contributes to the amount in controversy.

33.   Attorneys' Fees: While Plaintiff seeks an unspecified amount of attorneys' fees, such fees may also be taken into account to determine jurisdictional amounts, if a statute authorizes fees to a successful litigant. *Arias, supra,* 936 F.3d at 927 ("[A] court **must** include future attorneys' fees recoverable by statute or contract

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

when assessing whether the amount-in-controversy requirement is met.") (emphasis added) (internal quotation marks and citations omitted). The measure of fees is that which accrues until the action is resolved. *Simmons, supra,* 209 F.Supp.2d 1029, 1034-35. Indeed, attorney's fees are not limited to those incurred up to removal. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *Arias, supra*, 936 F.3d at 928. Thus, the Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases. Moreover, as the court noted in *Simmons,* "attorneys' fees in individual discrimination cases often exceed the damages." *Simmons, supra,* 209 F.Supp.2d at 1035.

34.    While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons, supra*, 209 F.Supp.2d at 1035; *see, e.g., Beaty v. BET Holdings, Inc.*, 222 F.3d 607 (9th Cir. 2000) (recognizing that award of attorneys' fees of $376,520 may be appropriate in FEHA where compensatory damages were only $30,000); *Mangold v. California Public Utilities Comm'n*, 67 F.3d 1470 (9th Cir. 1995) (affirming $724,380 attorneys' fee award in FEHA and ADEA case where plaintiffs' damages awards were significantly less); *Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (affirming award of attorney's fees and costs of $891,042).

35.    The California Fair Employment & Housing Act ("FEHA") allows a prevailing plaintiff to recover attorneys' fees. Cal. Gov't. Code § 12965(b). The Ninth Circuit recently held "a court must include future [post-removal] attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy was met." *Fritsch, supra*, 899 F.3d at 794. The Court may take judicial notice of attorney's fee awards in similar cases. *See, e.g., Simmons*, *supra,* 209 F.Supp.2d at 1035 (noting that attorney's fees in individual employment discrimination cases often exceed damages). In 2013, the Superior Court of Sacramento County awarded a single plaintiff $367,378.50 in attorneys' fees under the Fair Employment and Housing Act on a claim for wrongful termination and discrimination. *Angel v. Sutter Health et al.*,

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

2081994 (323103)                                    13

PETITION AND NOTICE OF REMOVAL

Case No. 2009-00055279 (2013). Similarly, in 2012, the Orange County Superior Court awarded a single plaintiff $295,535.50 in attorney's fees under the Fair Employment and Housing Act on a claim for discrimination and failure to accommodate. *Vargas v. City of Long Beach*, Case No. 30-2009-00126342 (2012). In *Wiley v. Wyndham Vacation Ownership Inc., et al.*, Superior Court of Contra Costa County Case No. C05-01191, a case in which the plaintiff alleged retaliation under FEHA, the Court awarded plaintiff her attorney's fees and costs in the amount of $1,150,876. In *Harvey v. City of Newport Beach*, Orange County Superior Court Case No. 07CC05400 (2009), a case alleging sexual orientation discrimination in violation of FEHA, plaintiff's counsel sought $1,027,000 in attorney's fees after prevailing at trial.

36.     Plaintiff alleges causes of action for violations of FEHA in his First, Second, Third, Fourth, Fifth, and Sixth causes of action and alleges he is entitled to attorneys' fees for each of those claims. (Compl., ¶¶ 159, 179, 192, 214, 226; Compl., Prayer for Relief, p. 59). Although the amount in controversy is satisfied even without considering attorneys' fees, Plaintiff's demand for attorneys' fees further increases the amount in controversy above the $75,000 threshold.

37.     Punitive Damages: It is well established that punitive damages are part of the amount in controversy in a civil action. *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001). Plaintiff seeks punitive damages in this matter. (*See* Compl., Prayer for Relief, p. 59). Punitive damages are oftentimes calculated as a multiplier of compensatory damages. Although Defendant vigorously denies Plaintiff's allegations, if he prevails and establishes the requirements of California Civil Code section 3294, the punitive damages alone could exceed the jurisdictional minimum. "To assess the amount of punitive damages that is appropriate in a given case, the court considers the nature of the defendant's wrongdoing, the amount of compensatory damages, and the wealth of the particular defendant." *Am. Gen. Life & Accident Ins. Co. v. Findley*, 2013 U.S. Dist. LEXIS 41644, 48-49 (C.D. Cal. Mar. 15, 2013). The potential

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

2081994 (323103)                                    14

PETITION AND NOTICE OF REMOVAL

punitive damage award against a defendant such as Defendant alone may satisfy the amount in controversy requirement. In *Aucina v. Amoco Oil Co*., 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted the defendant was a Fortune 500 Company and that [b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct "the plaintiff's claim for punitive damages" might alone exceed the jurisdictional minimum. *Aucina, supra*, 871 F. Supp. at 334. Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on the punitive damages claim, that claim alone could exceed the jurisdictional minimum. Therefore, Plaintiff's claim for punitive damages, if awarded, could exceed the threshold $75,000 amount on its own.

38.     Based upon the foregoing, Plaintiff's claims exceed the $75,000 jurisdictional limit of this Court required by the diversity statute. Additionally, as set forth above, this is a civil action between citizens of different states. Consequently, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and one that is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b), Defendant removes this case from the California Superior Court for the County of San Bernardino to the United States District Court, Eastern District of California

DATED:  October 13, 2025

Respectfully submitted,

*/s/ Allison A. Kray*

By: _____

ALLISON A. KRAY
Attorney for Defendant
FEDERAL EXPRESS CORPORATION

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

2081994 (323103)                                    15

PETITION AND NOTICE OF REMOVAL

# CERTIFICATE OF SERVICE
### *Edgar Sanchez v. Federal Express Corporation*

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Federal Express Corporation, 2601 Main Street, Suite 1100, Irvine, California 92614.

On October 13, 2025, I served the within document(s): **DEFENDANT'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER ARTICLE III OF THE U.S. CONSTITUTION AND 28 U.S.C. §§ 1332, 1441 AND 1446**

| | |
|---|---|
| ☑ | With the Clerk of the Court for the United States District Court-Northern District of CA by using the Court's CM/ECF system and that service will be accomplished by the court's CM/ECF system to the person(s) as set forth below. |
| ☐ | By transmitting electronically document(s) listed above to the email address(es) listed below. |
| ☑ | By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below. |
| ☐ | By arranging with First Legal Attorney Service to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☐ | By placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed to the plaintiff as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 1100, Irvine, California 92614, in accordance with Federal Express Corporation's ordinary business practices. |

Michael J. Reed, Esq.
LAW OFFICES OF MICHAEL J. REED
26228 Meadow Drive
San Juan Capistrano, CA 92675
T (925) 743-8353
F (734) 468-6168
mreed@10202@aol.com
Attorneys for Plaintiff, EDGAR SANCHEZ

☑ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 13, 2025, at Irvine, California.

*/s/ Michele Wilson*
Michele Wilson

PETITION AND NOTICE OF REMOVAL

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614